TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0027-KB

IN RE: GARY ALAN TABLER

IN SUPREME COURT

## **OPINION AND ORDER**

This matter comes before the Court on the motion of the Kentucky Bar Association ("KBA"), pursuant to SCR[1] 3.167, to indefinitely suspend Gary Alan Tabler from the practice of law due to his failure to file an Answer to a Charge. Tabler's KBA member number is 69510 and his bar roster address is 7209 Ben Franklin Court, Louisville, Kentucky 40214. For the following reasons, we grant the KBA's motion.

Tabler was charged as a result of his work as administrator of the Estate of Joyce Hardin. During the ten years he served as administrator, Tabler on multiple occasions failed to file timely estate inventories and periodic settlements. Tabler also failed to properly distribute estate assets to Hardin's heirs. After Tabler's repeated failures, the district court relieved him of his duties and appointed a public administrator. Once removed, Tabler refused to turn over any documentation related to the estate, despite court orders that he do so. Ultimately, the public administrator subpoenaed the estate's bank

---

[1] Supreme Court Rule.

records and discovered that Tabler had written thirty checks to himself from the estate's bank account. The unauthorized checks amounted to $180,725.00 misappropriated from the estate.

The Jefferson County Public Administrator filed the underlying Bar complaint against Tabler on May 2, 2023. Tabler was served with the complaint by certified mail on May 11, 2023. Initially, counsel for Tabler communicated with the Office of Bar Counsel ("OBC"), first requesting on June 27, 2023, an extension to file a response, and finally filing that response on July 18, 2023. At that time, Tabler's counsel denied the allegation that Tabler had written checks in excess of $200,000.00 to himself from the estate's bank account.[2] Tabler's counsel moved to withdraw on September 22, 2023, and in its response, the OBC did not oppose. After receiving the OBC's response to the motion, Tabler submitted an affidavit on October 2, 2023, stating that he had been unaware of his attorney's motion to withdraw, but also that he had no objection to withdrawal and requested thirty days to obtain new counsel. The Inquiry Commission granted counsel's motion on October 9, 2023.

On October 4, 2023, the OBC filed a petition for temporary suspension pursuant to SCR 3.165.(1)(a) alleging Tabler had improperly used client funds. Tabler attempted to file a response to the petition with the Inquiry Committee, which the OBC received on October 24, 2023, and was forwarded to Deputy

---

[2] The initial complaint alleged Tabler had removed over $200,000.00 from the account, however records from the bank placed the figure at the $180,725.00 amount noted earlier.

Bar Counsel on November 6, 2023. Bar Counsel informed Tabler he needed to file his response with the Court, however Tabler failed to do so. On December 14, 2023, this Court entered an order temporarily suspending Tabler.

On October 13, 2023, the Inquiry Commission issued a charge against Tabler for violations of SCR 3.130(1.3),[3] SCR 3.130(1.15)(a),[4] SCR 3.130(1.16)(d),[5] and SCR 3.130(8.4)(c).[6] Tabler was served the Charge by certified mail on October 20, 2023. No Answer was received by November 11, 2023. The KBA then sought service through the Jefferson County Sheriff's Office, but it was unable to locate Tabler. Accordingly, service was completed again on December 20, 2023, by service upon the Executive Director of the KBA pursuant to SCR 3.035(2). As of January 24, 2024, the KBA had received

---

[3] "A lawyer shall act with reasonable diligence and promptness in representing a client."

[4] "A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client, third person, or both in the event of a claim by each to the property. The separate account referred to in the preceding sentence shall be maintained in a bank which has agreed to notify the Kentucky Bar Association in the event that any overdraft occurs in the account. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation."

[5] "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

[6] "It is professional misconduct for a lawyer to: . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

3

no Answer to the Charge. The KBA now seeks an order indefinitely suspending Tabler from the practice of law.

We agree with the KBA that an indefinite suspension is warranted. Tabler's prior discipline includes three private admonitions. The first, on March 14, 1997, was regarding Tabler's failure to act with diligence when he neglected to finalize a divorce decree. The second, on May 11, 2006, was given after Tabler wrote a check for a custodial evaluation on behalf of his client before depositing the reimbursement check he received from his client's family member. The check bounced and Tabler's escrow account was not set up to notify the KBA of any overdrafts as required. The final private admonition was given on February 15, 2010, after Tabler filed a personal injury case in the wrong jurisdiction and failed to inform his client of the case's dismissal or the applicable statute of limitations until after the appeal was denied. These prior acts taken in conjunction with the present charge—which would itself be sufficient to justify indefinite suspension—convince us that the indefinite removal of Tabler from the practice of law is justified.

Based on the foregoing, Gary Allen Tabler is hereby SUSPENDED from the practice of law in the Commonwealth of Kentucky pending further order of this Court. Tabler may seek reinstatement of his license to practice but shall be prepared to explain his conduct and suggest a remedial course of action to

prevent recurrence of the behavior discussed herein.

All sitting.   All concur.

ENTERED:  April 18, 2024.

_____
CHIEF JUSTICE